UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESERT PROTECTION SOCIETY,<br><br>Plaintiff,<br><br>v.<br><br>DAVID BERNHARDT, JOE STOUT, THE UNITED STATES BUREAU OF LAND MANAGEMENT, AND THE UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>Defendants. | No. 2:19-cv-00198-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on Proposed Defendant-Intervenor, Eagle Crest Energy Company, Inc.'s ("ECEC"), Motion to Intervene and accompanying memorandum of points and authorities and attached Proposed Answer (ECF Nos. 6, 7, 7-1). Neither Plaintiff Desert Protection Society ("Plaintiff") nor Defendants David Bernhardt, Joe Stout, the United States Bureau of Land Management, and the United States Department of the Interior (collectively "Federal Defendants") have taken a position on the Motion (ECF Nos. 12, 13). For the reasons set forth below, the Court GRANTS ECEC's Motion to Intervene.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

The instant litigation concerns a challenge to the August 2018 approval of the Eagle Crest Energy Gen-Tie and Water Pipeline Right-of-Way Project ("Project") by Federal Defendants.

1

(ECF No. 1 at ¶ 2.) Plaintiff seeks: (1) preliminary injunctive relief restraining Federal Defendants from taking any action in connection with the Project that would result in changes to the physical environment; (2) declaratory relief that Federal Defendants violated federal statutes; and (3) permanent injunctive relief setting aside Federal Defendants' approvals pending compliance with federal statutes. (ECF No. 1 at ¶ 9.)

On May 2, 2019, ECEC filed the instant Motion to Intervene, seeking to intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2), or in the alternative, seeking permissive intervention under Federal Rule of Civil Procedure 24(b). (ECF No. 6.) On May 29, 2019, Federal Defendants filed their response to ECEC's Motion, taking no position on the Motion. (ECF No. 12.) On May 30, 2019, Plaintiff filed its response to ECEC's Motion also taking no position on the Motion. (ECF No. 13).

## II. STANDARD OF LAW

Federal Rule of Civil Procedure ("Rule") 24 provides for intervention as a matter of right and permissive intervention. When no federal statute confers an unconditional right to intervene, Rule 24(a) provides for intervention of right on timely application of anyone who:

> claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

Fed. R. Civ. P. 24(a)(2).

The Ninth Circuit applies a four-part test to evaluate a motion to intervene as a matter of right under Rule 24: (1) the motion must be timely; (2) the proposed intervenor must have a "significant protectable" interest related to the property or transaction which is the subject of the action; (3) the action's disposition may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the proposed intervenor's interest may be inadequately represented by the parties to the action. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001).

### III. ANALYSIS

#### A. <u>Timeliness</u>

In determining whether a motion to intervene is timely, courts consider three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (quoting *County of Orange v. Air California,* 799 F.2d 535, 537 (9th Cir. 1986)). ECEC argues its motion is timely since the parties have not filed any dispositive motions, the administrative record has not yet been filed with the Court, and the motion was filed within approximately four months of the Complaint. (ECF No. 7 at 6.) Additionally, ECEC asserts its participation will not prejudice the other parties, it will abide by any scheduling order, and it will avoid duplication of issues with other parties. (*Id.*) ECEC also filed a "Proposed Answer" to the Complaint to avoid any possible delay. (ECF No. 7-1.)

Litigation is still in the very early stages, and neither party opposes the motion. Since there is no suggestion that ECEC's intervention will cause delay or prejudice, the Court finds ECEC's Motion to Intervene is timely.

#### B. <u>Significant Protectable Interest</u>

To show a "significantly protectable interest" that justifies intervention of right, the prospective intervenor must establish: (1) "the interest is protectable under some law," and (2) "there is a relationship between the legally protected interest and the claims at issue." *Wilderness Soc'y v. United States Forest Serv.*, 630 F.3d 1173, 1181 (9th Cir. 2011). A prospective intervener demonstrates a significantly protectable interest when "the injunctive relief sought by the plaintiffs will have direct, immediate, and harmful effects upon a third party's legally protectable interests." *Sw. Ctr. for Biological Diversity*, 268 F.3d at 818 (9th Cir. 2001). ECEC argues its protectable interests include the design, development, and implementation of the project, as well as the ability to enter into commercial contracts. (ECF No. 7 at 7.) Furthermore, ECEC has a direct interest in the ability to proceed with the Project, which has been fully approved by two federal agencies pursuant to applicable statutory and regulatory requirements. (*Id.*)

1     ECEC has demonstrated that it has a significantly protectable interest in the timely progression of the Project, and Plaintiff's request for injunctive relief may adversely affect that interest. Accordingly, the Court finds ECEC has established the second factor of the Ninth Circuit test.

### C.     Impairment or Impediment of Interest

Since the Court has found a significantly protectable interest, it now turns to the third factor. The proposed intervenor establishes this factor when it shows that the action's disposition may as a practical matter impair or impede its ability to protect the asserted interest. *Sw. Ctr. for Biological Diversity*, 268 F.3d at 822; *see* Fed. R. Civ. P. 24 advisory committee notes. ECEC asserts Plaintiff's action seeks to set aside the approvals necessary to implement the Project, which would delay the Project's schedule and impair ECEC's ability to engage in commercial and energy contracts. (ECF No. 7 at 8.) Such delays and impediments threaten the viability of the Project and ECEC's business. (*Id.*) The relief requested by Plaintiffs would prevent ECEC from timely completing the Project and engaging in commercial contracts. Since the disposition of this action may impair or impede ECEC's ability to protect its interests, the third factor is satisfied.

### D.     Inadequate Representation

Finally, the Court considers the fourth factor for intervention of right. In evaluating whether a prospective intervenor's interests are adequately represented by the existing parties, the Court considers: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). ECEC asserts neither Plaintiff, as the adverse party, nor Federal Defendants will adequately represent its interests. (ECF No. 7 at 8–9.) Specifically, ECEC argues that, while Federal Defendants will defend the process followed and the approved decisions, their shared interest in defending the approvals are not sufficiently congruent. (*Id.* at

9.) ECEC has significant economic and commercial interest in the Project — including an investment of nearly $30 million and twelve years of staff time and resources — that Federal Defendants cannot be expected to protect. (*Id.*) Therefore, ECEC anticipates that it may take different positions on jurisdiction, merits issues, appropriate remedies, and potential settlement discussions than the other parties. (*Id.*)

The Court finds that ECEC will likely present additional arguments and offer other necessary elements to the proceeding which would not be captured by the other parties, thereby satisfying the final factor. Therefore, the Court finds ECEC has established the presence of all four factors to intervene as a matter of right. Accordingly, the Court GRANTS ECEC's Motion to Intervene.

### E. Permissive Intervention

In light of the Court's decision granting ECEC's intervention as a matter of right, the issue of permissive intervention is moot.

### IV. CONCLUSION

The Court hereby GRANTS ECEC's Motion to Intervene and instructs ECEC to file its Answer within 14 days.

IT IS SO ORDERED.

DATED: March 16, 2020

_____
Troy L. Nunley
United States District Judge